**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TERESEA O'BRIEN, et al.,**

**Plaintiffs,**

**v.**

**Case No. 2:04-CV-85**

**JUDGE GEORGE C. SMITH**

**Magistrate Judge Norah McCann King**

**ED DONNELLY ENTERPRISES, INC., *et al.*,**

**Defendants.**

**OPINION AND ORDER**

Teresea O'Brien and Dallas Prater ("plaintiffs") filed this action on behalf of themselves and a putative class under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"). Plaintiffs allege that they, and those similarly situated to them, were not paid the minimum hourly wage and overtime compensation due them in connection with their employment at two McDonald's facilities in Bellefontaine, Ohio. Plaintiffs also assert state law claims under O.R.C. Chapters 4111 and 4113, and claims under the common law of Ohio. This matter is before the Court on *Defendants' Motion to Modify the Case Schedule*. Doc. No. 99. For the reasons that follow, defendants' motion is **GRANTED**. Defendants must file their motion to decertify the conditionally certified class by January 31, 2006; dispositive motions must be filed within forty-five (45) days from the date this Court rules on the anticipated motion for class decertification.

## I. RELEVANT FACTS

On February 2, 2004, plaintiffs filed the *Complaint* in this action. An amended complaint, which identifies the two named plaintiffs as hourly employees who were not exempt from the overtime and hourly wage laws of the United States of the State of Ohio, was thereafter filed. Doc. No. 43, at ¶ 15. It is alleged that defendants "intentionally altered the hourly time records pertaining to plaintiffs' actual hours of work in order to reduce the number of plaintiffs' reported hours and in order to pay plaintiffs less in wages and/or overtime than they were entitled to receive." *Id.*, at ¶ 14. The two named plaintiffs initiated the action under the FLSA as a putative collective action on behalf of a class of similarly-situated persons defined in the complaint as consisting of those

> similarly situated to Named Plaintiffs who are now or who at anytime since February 14, 2002 have been employed as hourly paid employees by either or both Defendants at one or both of Defendants' Bellefontaine, Ohio McDonald's restaurant franchises.

*Id.*, at ¶ 20. Plaintiffs also allege that the defendants "acted uniformly with respect to members of the proposed class." *Id.*, at ¶ 31.

On April 4, 2004, plaintiffs filed a motion requesting that the Court conditionally certify the putative class and to authorize notice to be sent to potential class members of their ability to "opt-in" to this collective action. Doc. No. 34. Plaintiffs alleged that the putative class "was reasonably believed to number over 100 persons." *Complaint*, at ¶ 19. The Court granted plaintiffs' motion to conditionally certify the putative class on November 8, 2004. Doc. No. 38.

On December 14, 2004, the Court issued an *Order* related to the continued preliminary pretrial conference, in which it set appropriate deadlines in this action. Doc. No. 39. The

discovery deadline was set for September 30, 2005, and the deadline by which to file dispositive motions was set for October 31, 2005.

On December 15, 2004, the Court approved the form of the notice that was to be sent to the collective class. Doc. No. 41. Notice was subsequently sent to the members of the class and thirty-six (36) individuals opted in by March 3, 2005. Doc. Nos. 45-51. However, between March 3, 2005 and December 14, 2005, for various reasons, counsel for plaintiffs withdrew from the representation of twenty-six of the individuals who had opted into this action. Doc. Nos. 54, 60, 67, 68, 75, 80, 84, 85, and 95. Currently, this action consists of two named plaintiffs and eight (8) individuals who have formally consented to opt in. *Plaintiffs' Memorandum in Opposition to Defendants' Motion to Modify Case Schedule*, at 1, 2.

On September 6, 2005, the parties filed a *Joint Motion for Extension of Discovery Cutoff*, requesting that the discovery deadline be extended to October 31, 2005. Doc. No. 58. The Court granted that motion on September 8, 2005. Doc. No. 59.

On October 21, 2005, defendants filed an unopposed motion requesting an extension of the discovery deadline to December 31, 2005, and an extension of the deadline to file dispositive motions to January 31, 2006. Doc. No. 64. The Court granted that motion on October 24, 2005. Doc. No. 65.

On January 10, 2006, defendants filed a motion to modify the case schedule. Doc. No. 99. That motion is fully at issue before the Court.

## II. STANDARD OF REVIEW

Defendants request modification of the case schedule under Fed. R. Civ. P. 16(b), which "permits modification to the scheduling order 'upon a showing of good cause and by leave of the district [court] judge.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Additionally, "a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (citing Fed. R. Civ. P. 16, 1983 Advisory Committee Notes). "Another important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." *Id.* (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

## III. DISCUSSION

Defendants request that the case schedule be modified to permit them to move for class decertification before they are required to file dispositive motions. Plaintiffs argue that grant of the motion would cause undue delay in the proceedings and, in any event, a motion to decertify is unlikely to prevail. Consequently, plaintiffs conclude that no good cause exits for modification, as is required by Fed. R. Civ. P. 16(b).

Defendants argue that the request for modification is not a result of their lack of diligence to meet the currently imposed deadline. Instead, defendants contend that good cause exits for the requested modification because it would be an inefficient use of the Court's and the parties' resources to require the filing of dispositive motions before the Court has the opportunity to consider a motion for class decertification. Additionally, defendants contend that the modification would not prejudice plaintiffs. The Court agrees.

To proceed as a "collective action" pursuant to § 216(b) of the FLSA, the original named plaintiffs must demonstrate that they are "similarly situated" to the employees whom they seek to notify. To determine whether the plaintiffs have made this showing, "[c]ourts have generally adopted a two-tiered certification approach . . . ." *Harrison v. McDonald's Corp.*, Case No. 2:04-CV-563, 2005 U.S. Dist. LEXIS 32386, *3 (S.D. Ohio 2, 2005) (J. Holschuh); *see also Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987) (adopting two-tiered approach); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001) (same). As Judge Holschuh explained in *Harrison*:

> First, the court must determine whether notice of the pending action and the opportunity to "opt-in" should be given to potential class members. Such notice will usually be authorized if the plaintiff demonstrates that she is "similarly situated" to the other employees she seeks to notify of the pendency of the action. This is known as "conditional certification" of the collective action. After notice has been sent and discovery has been completed, the defendant can file a motion for decertification, challenging the court's preliminary determination that other employees are similarly situated. *See Olivo v. GMAC Mortgage Corp.*, 374 F. Supp.2d 545, 547-48, n.2 (E.D. Mich. 2004); *Mike v. Safeco Ins. Co.*, 274 F. Supp.2d 216, 219-20 (D. Conn. 2003).

*Harrison*, 2005 U.S. Dist. LEXIS 32386, at *3.

At the first tier of the certification inquiry, courts "have discretion to conditionally certify a class for purposes of serving notice, but only 'in appropriate cases.'" *Id.*, at *8 (citing *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)). At the second tier of the inquiry, courts apply "a stricter standard to determine whether the putative class of plaintiffs were 'similarly situated' to the named Plaintiffs." *Olivio v. Hopcraft*, 374 F. Supp. 2d 545, 547-48 n.2 (E.D. Mich. 2004) (citing as example *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)). In addition, at the second stage, a court would consider whether certification would serve the purposes of a collective action under § 216(b) of the FLSA. *Vaszlavik*, 175

F.R.D. at 678 (citing *Hoffmann-La Roche*, 493 U.S. at 170).

In the instant case, this Court granted plaintiffs' request for conditional certification and authorization of court-supervised notice to potential class members on April 8, 2004. Doc. No. 34. Discovery was completed on December 31, 2005. Defendants now wish to move, as they are permitted, for class decertification. *See Cintron v. Hershey P.R., Inc.*, 363 F. Supp.2d 10, 16 (D. P.R. 2005) ( "[O]nce discovery is completed and the case is trial ready, [defendants] may file a motion for 'decertification.' At this stage, the Court invariably has much more information on which to base a final decision regarding certification of the representative class, and can make a determination of fact as to whether all members are truly 'similarly situated.'"). *See also Basil v. Maxim Healthcare Servs.*, 347 F.3d 1240, 1243 (11th Cir. 2003) (same); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995) (same).

Thus, the Court concludes that is was not defendants' lack of diligence that has led them to request that the case schedule to be modified. Instead, it is simply, as defendants contend and the case law recognizes, that after the completion of discovery defendants have obtained sufficient information to make an informed decision as to whether they should move for decertification.

Further, modification of the schedule in this case will permit the most efficient use of the Court's and the parties' resources, which this Court may consider in determining whether good cause exists under Fed. R. Civ. P. 16(b). *See, e.g., Bo Knorr v. Dillard's Store Servs., Inc.*, Case No. 04-3208, 2005 U.S. Dist. LEXIS 17697, *23 (E.D. La. 2005). That is, if the schedule is not modified, defendants will file dispositive motions by January 31, 2006, and plaintiff will respond to those motions. Contemporaneously, however, defendants will file their motion to decertify

the conditional class. In that situation, the proper procedure would be to consider the motion for class decertification prior to the dispositive motions because, if the class is decertified, "the opt-in plaintiffs are dismissed without prejudice." *Basil*, 347 F.3d at 1243; *Mooney*, 54 F.3d 1207 at 1213-14. Of course, the pending dispositive motions would be rendered moot with regard to those plaintiffs.

Finally, although the Court at this juncture makes no determination as to the merits of defendants' anticipated motion to decertify, it notes that this Court has recently evaluated facts similar to those presented in the instant action and has concluded that the putative class did not meet the first tier of the certification analysis. *See Harrison*, *supra*. That is, this Court denied the plaintiff's request to conditionally certify the class and to notify the potential class members of their ability to opt into the action. Because the standard is stricter at the second tier of the certification inquiry, *i.e.*, in connection with a motion to decertify, the Court concludes that it is prudent to address a motion to decertify before requiring the filing of dispositive motions.

**WHEREUPON**, in light of the foregoing, *Defendants' Motion to Modify the Case Schedule*, Doc. No. 99, is **GRANTED**. Defendants must file their motion to decertify the conditionally certified class by January 31, 2006. Dispositive motions must be filed within forty five (45) days from the date this Court rules on the motion for class decertification.

January 20, 2006
Date

*s/Norah McCann King*
Norah M[c]Cann King
United States Magistrate Judge