IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERESEA O'BRIEN, et al.,**

        **Plaintiffs,**

    v.

**ED DONNELLY
ENTERPRISES, INC.,** *et al.***,**

        **Defendants.**

Case No. 2:04-cv-85

JUDGE GEORGE C. SMITH

Magistrate Judge Norah McCann King

## OPINION AND ORDER

Teresea O'Brien and Dallas Prater ("plaintiffs") filed this action on behalf of themselves and a putative class under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"). Plaintiffs allege that they, and those similarly situated to them, were not paid the minimum hourly wage and overtime compensation due them in connection with their employment at two McDonald's facilities in Bellefontaine, Ohio. Plaintiffs also assert state law claims under O.R.C. Chapters 4111 and 4113, and claims under the common law of Ohio.

This matter is before the Court on *Plaintiffs' Motion for Sanctions Pursuant to Rule 37 of the Federal Rules of Civil Procedure (Evidentiary Hearing Requested)* ("*Plaintiffs' Motion for Sanctions*"). Doc. No. 108. For the reasons that follow, plaintiffs' motion is **DENIED**.

I.      FACTS

On February 2, 2004, plaintiffs filed the *Complaint* in this action. In April 2004, plaintiffs filed a motion to notify other current and former employees of defendants of their right to join the suit as opt-in plaintiffs. Doc. No. 9. This Court granted that motion and the lawsuit currently consists of the two original plaintiffs and the following eight opt-in plaintiffs:

| Opt-in Plaintiff | Date of Notice of Opt-in |
|---|---|
| Debbie Brunke | 01/14/2005 |
| Jessica West | 01/14/2005 |
| Stevie LeVan | 01/14/2005 |
| Ben Wallace | 01/14/2005 |
| Chad Lawson | 01/14/2005 |
| Jill Wager-Puff | 01/14/2005 |
| Nathan Buscher | 01/21/2005 |
| Derrick Kinchen | 01/21/2005 |

Doc. Nos .45-51.

Plaintiffs served their first discovery requests upon defendants on July 14, 2004. *Plaintiffs' Motion for Sanctions* at 4. In response to these requests, defendants produced over 8,000 documents consisting largely of plaintiffs' work schedules and time punch and payroll records, including Time Punch Change Approval Reports ("TPCA Reports") that relate to the original and opt-in plaintiffs. *Defendants' Memorandum in Opposition to Plaintiffs' Motion for Sanctions* ("*Defendants' Memorandum Contra*") at 2. The TPCA Reports are printed from defendants' computer system, referred to as the "in-store processor" or "ISP." *Deposition of Edward Donnelly* [1] ("*Donnelly Dep.*") at 145, 174, attached to *Defendants' Memorandum Contra*. These reports are printed automatically by the ISP as part of the closing paperwork each

---

[1] Mr. Donnelly is the President of Ed Donnelly Enterprises, Inc. *Affidavit of Edward Donnelly* attached to *Defendants' Memorandum Contra* at ¶ 1.

day. *Id.* at 174. They are regularly kept and maintained by defendants as paper files. *Id.* at 95-96.

The information contained in the TPCA Reports is stored in the ISP in electronic form for 72 days. *Id.* at 94. In addition, defendants back-up the ISP nightly, using one of three rotating backup tapes. *Id.* Each backup tape contains information for the preceding 72 days. *Id.* at 146-47. Every three days, each tape is overwritten so that, at most, the backup tapes combined contain information for the preceding 74 days. *Id.* at 98. Defendants attest that the tapes were intended only for disaster recovery. *Affidavit of Edward Donnelly* at ¶ 6.

On February 1, 2006, plaintiffs filed *Plaintiffs' Motion for Sanctions*, alleging that defendants intentionally lost or destroyed some of the TPCA Reports. Doc. No. 108. On February 27, 2006, defendants filed *Defendants' Memorandum Contra*, Doc. No., 114, and on March 13, 2006, plaintiffs filed *Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion for Sanctions Pursuant to Rule 37 of the Federal Rules of Civil Procedure* ("*Plaintiffs' Reply*"), Doc. No. 166.

## II.     STANDARD

Rule 37 of the Federal Rules of Civil Procedure permits a court to impose sanctions, such as preclusion of evidence, for a party's failure to comply with discovery rules and orders. Fed. R. Civ. P. 37(c)(1). The local rules of this Court also provide that:

> Objections, motions, applications, and requests relating to discovery shall not be filed in this Court, under any provision in Rules 26 and 37, Fed. R. Civ. P., unless counsel have first exhausted among themselves all extra-judicial means for resolving the differences. . . .

S.D. Ohio Civ. R. 37.1. Additionally, even "[a]fter extrajudicial means for the resolution of differences about discovery have been exhausted, then in lieu of immediately filing a motion

under Rule . . . 37, Fed. R. Civ. P., and S.D. Ohio Civ. R. 37.2, any party may first seek an informal telephone conference with the judicial officer assigned to supervise discovery in the case." S.D. Ohio Civ. R. 37.1. The Court is satisfied that the mandatory prerequisites for a motion under Fed. R. Civ. P. 37 and S.D. Ohio Civ. R. 37.1 have been met in this case. *See Plaintiffs' Motion for Sanctions* at 15.

In any event this Court possesses inherent authority to sanction bad-faith conduct without regard to whether such conduct could be sanctioned under other applicable rules or statutes. *See First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 513 (6th Cir. 2002). Determination of the correct sanction for discovery misconduct is left to the broad discretion of the trial court. *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 642 (1976).

**III.    ANALYSIS**

Plaintiffs contend that defendants either lost or destroyed certain TPCA Reports that are relevant to their case and that they are therefore entitled to certain sanctions against defendants. Specifically, plaintiffs request (A) an adverse inference that the lost or destroyed TPCA Reports would have been unfavorable to defendants, (B) an order granting plaintiffs fees and costs incurred in connection with this motion for sanctions, and (C) for an evidentiary hearing regarding the ineffective methods employed by defendants and their counsel to preserve electronic data and documents.

4

### A. Plaintiffs' Request for an Adverse Inference

In *Plaintiffs' Motion for Sanctions*, plaintiffs assert that many relevant TPCA Reports were lost or destroyed under circumstances that warrant an adverse inference that the Reports would have been unfavorable to defendants, *i.e.*, that plaintiffs are entitled to an adverse inference based on defendants' spoliation of evidence. Specifically, plaintiffs allege that certain TCPA Reports are missing for certain plaintiffs for certain periods of time in 2002 and 2003 and, moreover, that TCPA Reports are missing for plaintiff Chad Lawson for February 4 and 16, 2004. *Plaintiffs' Motion for Sanctions* at 12-14. However, since plaintiffs filed their motion for sanctions, defendants have supplemented their discovery responses with a TCPA Report for plaintiff Lawson for February 16, 2004. Plaintiffs do not dispute that they received this supplement.

Defendants admit that, while they intended "to keep all TPCA Reports, [they were] not able to locate the TPCA Reports for a small fraction of the days during the years for which the plaintiffs requested documents." *Donnelly Dep.* at 178-79. Defendants did not realize until after the lawsuit was filed on February 2, 2004, and as documents were being gathered in response to plaintiffs' discovery requests, that any TPCA Reports were missing from their paper files. *Id.* at 180-81. Defendants contend that, except for one TPCA Report,[2] the Reports "were created (and the electronic information overwritten) well before th[is] lawsuit was filed;" therefore, defendants contend, they "simply had no obligation to preserve these records." *Defendants' Memorandum Contra* at 6.

With regard to the February 4, 2004, TCPA Report, defendants argue, *inter alia*, that its

---

[2] *I.e.*, the missing February 4, 2004, TCPA Report for plaintiff Lawson.

loss or destruction was inadvertent, and not the result of any effort to prevent disclosing evidence detrimental to them.  Indeed, plaintiff Lawson did not opt-in to this lawsuit until January 14, 2005, nearly one year after the missing TCPA Report was generated.  Doc. No. 46.  Defendants' argument is well-taken.

"A threshold question regarding [adverse inferences based upon] spoliation is whether to apply state law or federal law."  *Joostberns v. United Parcel Servs., Inc.*, 166 Fed. Appx. 783, 796 (6th Cir. 2006).  As the United States Court of Appeals for the Sixth Circuit has explained:

> This Court recently held "the rules that apply to the spoiling of evidence and the range of appropriate sanction are defined by state law."  *Beck v. Haik*, 377 F.3d 624, 641 (6th Cir. 2004).  Decision by previous panels of this court, however, might be read as suggesting a contrary rule: the pre-litigation destruction of evidence is governed by the substantive law of the case.  *See United States v. Copeland*, 321 F.3d 582 (2003); *Beil v. Lakewood Eng'g and Mfg.*, 15 F.3d 546 (6th Cir. 1994).

*Id.*, at 796 n.9.

> Under federal law, the United States Court of Appeals for the Sixth Circuit instructs:

> We have recognized that spoliation of evidence occurs along a "continuum of fault," from innocence through the varying degrees of negligence to intentional destruction.  Likewise, a host of penalties may accompany the types of behavior manifested through this continuum. *Welsh v. United States*, 844 F.2d 1239, 1245-47 (6th Cir. 1988).  <u>In general, a court may not allow an inference that a party destroyed evidence that is in its control, unless the party did so in bad faith</u>. *See, e.g.*, *Eaton Corp v. Appliance Valves Corp.*, 790 F.2d 874, 878 (Fed. Cir. 1986) (two conditions precedent are destruction of evidence and bad faith); *Coates v. Johnson & Johnson*, 756 F.2d 524, 551 (7th Cir. 1985); *S.C. Johnson & Son v. Louisville & Nashville Railroad Co.*, 695 F.2d 253, 258-59 (7th Cir. 1982); *Valentino v. United States Postal Service*, 674 F.2d 56, 73 n.31 (D.C. Cir. 1982); and *Vick v. Texas Employment Commission*, 514 F.2d 734, 737 (5th Cir. 1975) (bad faith, not merely negligence, must be manifested under the circumstances).

*Tucker v. General Motors Corp.*, 945 F.2d 405, 1991 U.S. App. LEXIS 28333, *5-6 (6th Cir. Ohio 1991)(affirming district court's denial of imposition of adverse inference because "[t]he

evidence here manifested no showing of bad faith on the part of the defendant") (emphasis added).

Under Ohio law, "the concept of negative, or adverse, inference arises where a party who has control of the evidence in question fails, without satisfactory explanation, to provide the evidence." *Brokamp v. Mercy Hosp. Anderson*, 132 Ohio App.3d 850, 870 (1st App. Dist. 1999). "Ohio courts normally would require a strong showing of malfeasance--or at least gross neglect--before approving such a charge." *Id.* (citing *Veranardakis v. Thriftway, Inc.*, 1997 Ohio App. LEXIS 1818 (May 7, 1997), Hamilton App. No. C-960713, (unreported) quoting *Sullivan v. General Motors Corp.*, 772 F. Supp. 358, 364 (N.D. Ohio 1991) citing *Banks v. Canton Hardware Co.*, 156 Ohio St. 453, 461 (1952)).

In any event, however, this Court concludes that "the substantive choice of law does not alter the outcome of this case" and, thus, "the court does not find it necessary to decide this" issue. *Joostberns*, 166 Fed. Appx. at 796 ("Regardless of the decisional law, state or federal, this panel finds that the district court did not err in disregarding Plaintiff's allegations of spoliation.").

In *Plaintiffs' Motion for Sanctions*, plaintiffs first argue that the missing TPCA Records were intentionally lost or destroyed:

> Defendants clearly lost or destroyed these records with a culpable state of mind. Defendant Donnelly has known for a "long time" that the law imposes an obligation on employers to maintain records showing the times employees work. (Donnelly Dep. at 155). . . . Nonetheless, Defendants failed to maintain any records relating to the hours worked by Plaintiffs on many of the days at issue in this case. (Donnelly Dep. 152-153, 181-182, 184-186, 188-189, 237, 258-260)).

*Plaintiffs' Motion for Sanctions* at 20-21.

Plaintiffs' first argument, however, does not indicate how defendants' knowledge of its

7

obligation to keep payroll records presupposes their culpability in the loss or destruction of the TPCA Report at issue here.  It is not disputed that defendants did in fact keep records of their employees' work hours and that those records for plaintiffs have been produced.  *Plaintiffs' Motion for Sanctions* at 8; *Defendants' Memorandum Contra* at 6-7.  Indeed, plaintiffs' argument that defendants' records prior to the institution of this action are insufficient is simply not an issue before this Court.  Additionally, plaintiffs' argument related to the destruction or loss of evidence **before** notice of this litigation, if that is in fact what occurred, "does not provide this Court with any foundation to infer that the missing evidence was adverse to defendants." *Joostberns*, 66 Fed. Appx. at 796 ("We reject Plaintiff's argument [that he is entitled to an adverse inference based on defendant's failure to produce evidence] because the destruction of evidence made before notice of litigation does not provide this Court with any foundation to infer that the missing evidence was adverse to Defendant.").

In their motion for sanctions, plaintiffs next argue that defendants made no efforts whatsoever to preserve electronic evidence after this lawsuit was filed.  *Plaintiffs' Motion for Sanctions* at 9-12.  Plaintiffs contend that defendants "grossly distort the evidence regarding Defendants' computers' back up capability" and that "Defendants were fully capable of saving all information within Defendants' computerized timekeeping system."  However, plaintiffs' perception of the deficiencies of defendants' electronic record-keeping is simply irrelevant to the issue before this Court, *i.e.*, the request for an adverse inference for the intentional loss or destruction of records after defendants received notice of this litigation.  With regard to **this** litigation, defendants are unable to produce one TPCA Report for plaintiff Lawson that was generated after this action was filed but before plaintiff Lawson opted-in to the action.  There is

8

absolutely no basis for inferring that defendants intentionally lost or destroyed the one TPCA Report at issue. Accordingly, plaintiffs' request for an adverse inference is **DENIED**.

      **B.**    **Plaintiffs' Fees and Costs in Filing** *Plaintiffs' Motion for Sanctions*

Plaintiffs request that the Court order defendants to compensate them for the fees and costs incurred by them in connection with their motion for sanctions. *Plaintiffs' Motion for Sanction* at 1-2. However, in light of this Court's denial of the motion, the request for sanctions is likewise **DENIED**.

      **C.**    **Evidentiary Hearing on Defendants' Preservation of Electronic Data**

Plaintiffs also request that the Court conduct an evidentiary hearing regarding the ineffective methods employed by defendants and their counsel in preserving electronic data and documents. Based on the Court's conclusion *supra*, no evidentiary hearing is necessary. Accordingly, plaintiffs' request for an evidentiary hearing is **DENIED**.

**WHEREUPON** *Plaintiffs' Motion for Sanctions*, Doc. No. 108, is **DENIED**.


September 5, 2006                                              *s/Norah McCann King*
**Date**                                                         **Norah McCann King**
                                                                    **United States Magistrate Judge**