UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**TERESA O'BRIEN,** *et al.*,

    **Plaintiffs,**

vs.

                                  Civil Action 2:04-cv-85
                                  Judge George C. Smith
                                  Magistrate Judge E.A. Preston Deavers

**ED DONNELLY
ENTERPRISES, INC.,** *et al.*,

    **Defendants.**


## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Renewed Motion for Sanctions Pursuant to Rule 37 of the Federal Rules of Civil Procedure. Plaintiffs request that the Court permit an adverse inference that Defendant lost or destroyed Plaintiffs' "Time Punch Approval Report"; award attorneys' fees and other costs in pursuing relief; and conduct an evidentiary hearing examining the Defendants' methods of preserving documents and electronic information. For the following reasons it is **RECOMMENDED** that the Court **DENY** Plaintiffs' Renewed Motion for Sanctions Pursuant to Rule 37 of the Federal Rules of Procedure. (Doc. 163.)

**I. PROCEDURAL HISTORY**

Plaintiffs Teresa O'Brien and Dallas Porter bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Specifically, Plaintiffs contend that Defendants failed to pay the minimum hourly wage and overtime compensation Plaintiffs were due for their work at two McDonald's facilities in Bellefontaine, Ohio. Plaintiffs also include claims under the Ohio Revised Code Chapters 4111 and 4113, as well as claims under the common law of Ohio.

Although Plaintiffs originally filed this action on behalf of both themselves and a putative class, this Court decertified the matter as a collective action. (Doc. 126.) The United States Court of Appeals for the Sixth Circuit affirmed the Court's decertification of the collective action. *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 583 (6th Cir. 2009).

On February 1, 2006, Plaintiffs filed their original motion for sanctions pursuant to Federal Rule of Civil Procedure Rule 37. Plaintiffs asserted that Defendants either lost or destroyed documents relevant to Plaintiffs' claims. Magistrate Judge Norah McCann King issued an Opinion and Order on September 5, 2006 denying Plaintiffs' motion. Magistrate Judge King held that because the destruction or loss of evidence occurred before the litigation was filed, there was no reason for the Court to infer that the documents were adverse to Defendants. (Doc. 119 at 8.) This Court reviewed Magistrate Judge King's decision and overruled the Plaintiffs' objections.

The United States Court of Appeals for the Sixth Circuit reversed and remanded this Court's decision for further consideration of discovery sanctions and spoliation. *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 587 (6th Cir. 2009). In particular, the Sixth Circuit rejected this Court's assumption that Defendants were "on notice [to retain documents] only when the *O'Brien* lawsuit was filed." *Id.* Accordingly, the Sixth Circuit directed this Court to consider "whether it was reasonably foreseeable that the missing reports would be needed in future litigation." *Id.* The Sixth Circuit also noted that it is irrelevant whether documents were stored in hard copy or electronically because "[w]hat matters is whether the employer produces the reports in discovery." *Id.* at 588.

## II.  RELEVANT FACTS

On July 14, 2004, Plaintiffs served their initial discovery requests upon Defendants, seeking various timekeeping and payroll records.  (Pls.' Mot. Sanctions 4–5.)  Defendants responded by producing over 8,000 documents including work schedules, time punch reports, and payroll records.  (Defs.' Mem. Opp'n. Mot. Sanctions 2.)  These documents included Time Punch Change Approval Reports ("TCPA" Reports), which demonstrate edits to employees' time punches.  (Pls. Renewed Mot. Sanctions 10.)  Defendants print the TPCA Reports daily as part of their closing paperwork using their computer system, the "in-store processor" or "ISP."  (Donnelly Dep. 145, 174.)  Defendants maintain these hard copies and store them in their "daily paperwork packet[s]" for each day.  (*Id.* at 95–96).

The ISP stores the information contained within the TPCA Reports for approximately seventy-two days.  (*Id.* at 94.)  Defendants back-up the ISP nightly using three rotating back-up tapes.  (*Id.*)  Defendants, however, overwrite one of these tapes each day.  (*Id.*)  Accordingly, after approximately seventy-four days, the printed hard copies are the only remaining documentation of the TPCA Reports.  (*See id.* at 94–96.)

Plaintiffs assert that the Defendants, either negligently or intentionally, lost or destroyed many of the TPCA hard copies.  (Pls. Renewed Mot. Sanctions 14–16.)  Specifically, Plaintiffs contend that they have not received TPCA Reports for Plaintiff O'Brien for two days in February and March of 2002.  (*Id.* at 15.)  Plaintiffs also contend that they are missing twenty-five days of TPCA Reports for Plaintiff Prater ranging from September to December of 2002.  (*Id.*)  Defendants assert that the missing TPCA Reports were inadvertently lost or destroyed prior to the filing of this lawsuit.  (Defs.' Mem. Opp'n. Renewed Mot. Sanctions 3 n.1.)

In their renewed motion for discovery sanctions, Plaintiffs emphasize three incidents that should have made litigation reasonably foreseeable in 2002, and thus, created a duty for Defendants to preserve the TPCA Reports in question. First, Plaintiffs contend that in March 2002, Defendant Donnelly learned that former employees were suing the previous owners of the McDonald's restaurants claiming that they had not been paid for all the hours they worked. (Pls. Renewed Mot. Sanctions 17; Donnelly Dep. 80–81.) Second, restaurant manager Chad Totche testified that another manager, Dave Clark, improperly inserted unpaid breaks for employees in the computerized time-keeping system. (Pls. Renewed Mot. Sanctions 17; Totche Dep. 64–65.) According to Mr. Totche's testimony, Defendant Donnelly had personal knowledge of Clark's conduct. (Totche Dep. 72.) Finally, Plaintiff asserts that in the summer of 2002 Defendant Donnelly learned that another manager, Denise Runkle, had altered an employee's hours to below the number that the employee had actually worked. (Pls. Renewed Mot. Sanctions 18; Donnelly Dep. 13–15.)

In response to Plaintiffs' renewed sanctions motion, Defendants contend that they had no reason to believe that the TPCA Reports would be relevant to future litigation. (Defs.' Mem. Opp'n. Renewed Mot. Sanctions 10.) Defendants assert that Defendant Donnelly did not have full knowledge of the lawsuit against the previous owner, and knew only that a few people where suing because they allegedly had not been paid for the hours they worked. (Defs.' Mem. Opp'n. Renewed Mot. Sanctions 8; Donnelly Dep. 80–81.) With regard to the Dave Clark and Denise Runkle incidents, Defendants maintain that they took remedial action to ensure the employees were fully paid, and therefore, did not anticipate future litigation. (Defs.' Mem. Opp'n. Renewed Mot. Sanctions 9–10.)

## III. APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 37, the Court has discretion to impose sanctions against a party for failure to comply with discovery rules. Fed. R. Civ. P. 37(c)(1). Several factors are relevant to a district court's decision to impose Rule 37 sanctions including "whether the party's failure to cooperate in discovery is due to wilfulness, bad faith, or fault." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

In addition to discovery sanctions, the Court has inherent authority to impose "sanctions based on the spoliation of evidence." *Adkins v. Wolever*, 554 F.3d 650, 653 (6th Cir. 2009). Spoliation is the "destruction of evidence that is presumed to be unfavorable to the party responsible for its destruction." *United States v. Copeland*, 321 F.3d 582, 597 (6th Cir. 2003). In determining whether spoliation sanctions are appropriate, federal law applies. *Adkins*, 554 F.3d at 652.

If the Court determines that spoliation occurred, it has broad discretion to consider "whether it was negligence or bad faith that motivated the defendants and relatedly, what sanction, if any, should be imposed." *O'Brien*, 575 F.3d at 588 (citing *Adkins*, 554 F.3d at 653). As the United States Court of Appeals for the Sixth Circuit has noted, "a proper spoliation sanction should serve both fairness and punitive functions." *Adkins*, 554 F.3d at 652.

## IV. ANALYSIS

For spoliation to occur, Defendants must have been on notice of its duty to preserve evidence at the time the relevant evidence was either lost or destroyed. *See O'Brien*, 575 F.3d at 587. The threshold issue in this case, therefore, is whether Defendants were "on notice of [their] duty to preserve evidence before the *O'Brien* lawsuit." *Id.* The duty to preserve evidence in

5

civil litigation is triggered when a party either has notice or "should have known that the evidence may be relevant to future litigation." *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008)(quoting *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001)). Accordingly, the Court must examine "whether it was reasonably foreseeable that the missing reports would be needed in future litigation." *O'Brien*, 575 F.3d at 587. In doing so the Court may consider whether any evidence demonstrates that litigation was probable at the time the relevant evidence was lost or destroyed. *See Johnson v. Moran Tech. Consulting*, No. 2:06-cv-614, 2006 WL 3762121 at *3 (S.D. Ohio 2006) ("[P]laintiff has produced no evidence that defendant had any knowledge of litigation involving plaintiff which was pending or probable at the time the files were deleted.").

Based on the information Plaintiffs and Defendants have provided, the Court concludes that litigation was not reasonably foreseeable at the time relevant documents were lost or destroyed. In their renewed motion for sanctions, Plaintiffs note that twenty-seven TCPA Reports applicable to Plaintiffs O'Brien and Prater were lost or destroyed. (Pls. Renewed Mot. Sanctions 15.) Defendants created these twenty-seven TCPA Reports between February 27, 2002 and December 4, 2002. (*Id.*) This entire time period is nearly two years before Plaintiffs filed their complaint in the current litigation on February 2, 2004.

Plaintiffs assert that three incidents should have put Defendants on notice of future litigation. Specifically, Plaintiffs point to Defendant Donnelly's knowledge of litigation against previous owners, and two incidents where restaurant managers manipulated other employees' hours. Upon closer inspection, however, these circumstances do not provide a basis for concluding that Defendants should have reasonably foreseen that the relevant TCPA Reports

6

would be necessary in future litigation.

Defendant Donnelly's knowledge of litigation involving previous owners did not put Defendants on notice of the likelihood of a future lawsuit. Defendant Donnelly testified in his deposition that he had a "brief understanding" of the lawsuit, generally discerning that employees were claiming they "didn't get paid for all the hours they worked or overtime hours." (Donnelly Dep. 80–81.) Plaintiff has presented no evidence demonstrating that the Defendants, before the current litigation commenced, were aware that these previous lawsuits were the result of time punch changes. Consequently, the Court cannot conclude that these lawsuits would have put Defendants on notice of the importance of the TPCA Reports for future litigation. Thus, Plaintiffs' basic assertion is that because Defendants had a general understanding that a former owner was involved in litigation, Defendants should have known that they would become involved in future litigation. Based on the record in this case, the Court finds Plaintiffs' assertion too tenuous to conclude Defendants should have reasonably anticipated this litigation.

Next, the Court considers the incidents involving managers Dave Clark and Denise Runkle. These events certainly involved managers making changes to employees' reported times. Nevertheless, the Court cannot conclude that it was reasonably foreseeable that the missing TCPA reports would be relevant to future litigation based on these two incidents. From the information Plaintiffs and Defendants have provided, it appears that the events involving Dave Clark and Denise Runkle were isolated incidents involving minor time changes and did not involve Plaintiffs in this case. Furthermore, Defendant Donnelly made attempts to remedy any underpayment of employees arising from these instances. (Donnelly Aff. ¶ 6.) Defendant Donnelly also suspended Denise Runkle for her manipulation of an employee's work hours.

7

(Donnelly Dep. 14–15.) Thus, the Court can glean little reason to impute knowledge of future employee wage litigation to Defendants based on these two events. Plaintiff has not provided evidence that these events were significant enough in nature for the Court to conclude that Defendants should have known that the relevant TPCA reports from February to December of 2002 would be needed in future litigation.

Because the Court concludes that litigation was not reasonably foreseeable at the time relevant documents were lost or destroyed, spoliation did not occur in this case. Accordingly, the sanctions Plaintiffs request would be improper in this case.

Even assuming that Defendants should have foreseen future litigation in this case, the Court still would not impose the sanctions Plaintiffs are requesting. Plaintiffs ask for an adverse inference, as well as attorneys' fees, against Defendants based on the loss or destruction of the TPCA Reports. According to federal-spoliation law, "[a]ny adverse inference from spoliation, while not entirely dependent on bad faith, is based on the spoliator's mental state." *Joostberns v. United Parcel Serv., Inc.*, 166 Fed. Appx. 783, 797 (6th Cir. 2006)(citing *Nation-Wide Check Corp., Inc. V. Forest Hills*, 692 F.2d 214, 219 (1st Cir. 1982)). Moreover, even if the Court does determine that spoliation occurred, it has broad discretion to consider "whether it was negligence or bad faith that motivated the defendants and relatedly, what sanction, if any, should be imposed." *O'Brien*, 575 F.3d at 588 (citing *Adkins*, 554 F.3d at 653).

In this case, Plaintiffs have advanced no evidence that Defendants acted in bad faith or with a culpable mental state regarding the missing TPCA Reports. In response to Plaintiffs' discovery requests Defendants provided over 8,000 documents related to payroll, including the majority of relevant TPCA Reports. Of these thousands of documents, Plaintiffs assert that

twenty-seven TPCA Reports, relating to Plaintiffs O'Brien and Prater, are missing. Other than noting that these TPCA Reports are missing, Plaintiffs have provided no evidence indicating that Defendants maliciously lost or destroyed these documents. Defendants suggest that employees, in the course of performing their daily duties, inadvertently lost or discarded the TPCA Reports without any thought of future litigation, a scenario that the Court finds highly probable. Accordingly, the extreme remedies of discovery sanctions and an adverse inference from spoliation are not appropriate under these circumstances.

## IV. CONCLUSION

Based on the foregoing, the Court finds Plaintiffs' requests for an adverse inferences and attorneys' fees inappropriate. Based on the this conclusion, an evidentiary hearing is unnecessary. Accordingly, it is **RECOMMENDED** that the Court **DENY** Plaintiffs' Renewed Motion for Sanctions Pursuant to Rule 37 of the Federal Rules of Civil Procedure. (Doc. 163.)

Under the provisions of 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

April 29, 2010               /s/ *Elizabeth A. Preston Deavers*
                             Elizabeth A. Preston Deavers
                             United States Magistrate Judge